UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, individually and as parent and parent and next best friend of the minor child JOHN DOE,<br>Plaintiffs,<br><br>v.<br><br>SEACAMP ASSOCIATION, INC., DEITER CHARLES VOGT, AMERICAN ALTERNATIVE INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY and FEDERAL INSURANCE COMPANY,<br>Defendants. | C.A. NO. 04 CV 11502 (RCL) |

## ANSWER AND JURY CLAIM OF DEFENDANT AMERICAN ALTERNATIVE INSURANCE COMPANY

In answer to each numbered count and paragraph of the plaintiffs' complaint, Defendant American Alternative Insurance Company (hereafter "AAIC") says as follows:

With respect to the introductory comments contained in the plaintiffs' complaint, Defendant AAIC denies that any of its actions towards the plaintiffs constituted unfair claims settlement practices; Defendant AAIC further says that it did not violate any Massachusetts law with respect to its dealings with the plaintiff. With respect to the remaining allegations contained in the introductory paragraphs, Defendant AAIC says that these allegations pertain to other defendants and, therefore, Defendant AAIC is not required to answer them.

## FACTUAL ALLEGATIONS

1.   Defendant AAIC admits the allegations of this paragraph.

2.   Defendant AAIC admits the allegations of this paragraph, except that AAIC does not have sufficient information or knowledge to admit or deny the allegation concerning Jane Doe's age.

3.   The allegations of this paragraph pertain to another defendant; therefore, AAIC is not required to answer them.

4    The allegations of this paragraph pertain to another defendant; therefore, AAIC is not required to answer them.

5.   The allegations of this paragraph pertain to another defendant; therefore, AAIC is not required to answer them.

6.   The allegations of this paragraph pertain to another defendant; therefore, AAIC is not required to answer them.

7.   The allegations of this paragraph pertain to another defendant; therefore, AAIC is not required to answer them.

8.   The allegations of this paragraph pertain to another defendant; therefore, AAIC is not required to answer them.

9.   Defendant AAIC admits the allegations contained in the first sentence of this paragraph. With respect to the remaining allegations, AAIC says that these are not relevant to this lawsuit, and apparently were included in this complaint only because the plaintiffs copied verbatim a complaint from a related action.

10.  The allegations of this paragraph pertain to another defendant; therefore, AAIC is not required to answer them.

11.  The allegations of this paragraph pertain to another defendant; therefore, AAIC is not required to answer them.

12-17. Defendant AAIC does not have sufficient information or knowledge to admit or deny the allegations of these paragraphs.

18.  Defendant AAIC admits that the plaintiffs have alleged such jurisdiction in their complaint; AAIC does not have sufficient information or knowledge to admit or deny the allegations contained in the second part of this paragraph.

19-96. These paragraphs pertain to allegations against other defendants; therefore, Defendant AAIC is not required to answer them. To the extent that any allegation

in these paragraphs may be understood to allege bad faith settlement practices by AAIC, such allegations are denied.

## COUNT I-IX

97-160. These counts and paragraphs pertain to claims made by the plaintiffs against other defendants in this case; therefore, Defendant AAIC is not required to answer them.

## COUNT X

161. Defendant AAIC incorporates herein by reference its answers to paragraphs 1-160 as if each were separately rewritten and set forth herein.

162. Defendant AAIC admits the allegations contained in the first sentence of this paragraph. With respect to the remaining allegations, AAIC says that these are not relevant to this lawsuit, and apparently were included in this complaint only because the plaintiffs copied verbatim a complaint from a related action.

163. Defendant AAIC admits that Charles Potter, as well as other representatives, met with counsel for the plaintiffs in Boston on the date alleged. AAIC does not have sufficient information or knowledge to admit or deny the remaining allegations of this paragraph.

164. Defendant AAIC denies the allegations of this paragraph.

165. Defendant AAIC admits that a letter dated September 4, 2001 was sent by counsel for the plaintiffs; AAIC denies the remaining allegations of this paragraph.

166. Defendant AAIC admits that a letter dated July 16, 2002 was sent by counsel for the plaintiffs; AAIC denies the remaining allegations of this paragraph

167. Defendant AAIC denies the allegations of this paragraph.

168. Defendant AAIC denies the allegations of this paragraph.

169. Defendant AAIC denies the allegations of this paragraph.

## COUNT XI-XII

170-181. These counts and paragraphs pertain to claims made by the plaintiffs against other defendants in this case; therefore, Defendant AAIC is not required to answer them.

## AFFIRMATIVE DEFENSES

A. And further answering, Defendant AAIC says that the allegations contained in Count X of the complaint fail to state a claim upon which relief can be granted and, therefore, this count should be dismissed.

B. And further answering, Defendant AAIC says that the plaintiffs' "demand memorandum", as referred to in paragraphs 165-166, failed to comply with the statutory requirements of M.G.L. c. 93A; therefore, plaintiffs are barred from any recovery against AAIC for alleged violations of this statute.

C. And further answering, Defendant AAIC says that the plaintiffs did not send their "demand memorandum", as referred to in paragraphs 165-166, to the proper party, and, consequently, the plaintiffs are barred from any recovery against AAIC.

D. And further answering, Defendant AAIC says that the liability of Defendant Seacamp was never reasonably clear as required by M.G.L. c. 176D.

E. And further answering, Defendant AAIC says that AAIC complied with G.L. c. 93A by responding to the plaintiffs' July 16, 2002 letter in a reasonable and timely fashion on August 13, 2002, thereby barring or limiting any recovery by the plaintiffs against AAIC.

F. And further answering, Defendant AAIC says that the plaintiffs failed to comply with the requirements of M.G.L. c. 93A, s. 9 prior to filing this lawsuit; therefore, the plaintiffs are barred from any recovery in this case.

## JURY CLAIM

Defendant AAIC claims a trial by jury.

By its attorney

*[signature]*

John B. Johnson
Corrigan, Johnson & Tutor, P.A.
141 Tremont Street
Boston, MA 02111
(617) 338-0075
BBO No. 252580