UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jane Doe, individually and as <br>     parent and next best friend of the minor child <br> John Doe, <br>     Plaintiffs <br><br> v. <br><br> DIETER CHARLES VOGT, <br> AMERICAN ALTERNATIVE INSURANCE COMPANY, <br> FEDERAL INSURANCE COMPANY <br>     Defendants | Civil Action <br> no. 04-CV-11502-RCL |

## JOINT STATEMENT
### (pursuant to Rule 16 F. R. Civ. P. and Local Rule 16.1D)

Counsel for the parties, including James P. Brady, Esq. for the plaintiffs Jane Doe and John Doe ("plaintiffs") as well as John B. Johnson, Esq. for defendant American Alternative Insurance Company ("American Alt. Ins.") and both Wallace Christensen, Esq. and Pamela Wahl, Esq. for defendant Federal Insurance Company ("Federal Ins."), all of whom are further identified under their signatures below, convened in conference via telephone connection through the office of Wallace Christensen, Esq. counsel to defendant Federal Ins. on January 5, 2005 pursuant to this Court's Order of November 15, 2004 and December 8, 2004 and provisions of Rule 26(f), F. R. Civ. P.

Despite their conference, the parties have not reached agreement on a proposed schedule for this litigation; nonetheless, they submit the following Joint Statement in accordance with L.R. 16.1(D):

## A. Concise Descriptions of the Case:

1. Plaintiffs' Position

This action is brought by a mother and her minor son who, while aged 12 was sexually abused in a Florida summer camp by a counselor there, and against two insurers of the summer camp. Claims against two of the original five defendants (the summer camp and one of its insurers) have been resolved through settlement.

The remaining defendants include the camp counselor. Dieter Vogt, who was sentenced to over 60 years imprisonment after trial in federal court in Florida, and two insurers of the summer camp, the American Alternative Insurance Corporation ("AAIC") and Federal Insurance Company ("Federal"). The claim against the insurers is that in refusing to make a settlement offer after the liability of their insured became reasonably clear and a demand was made upon them by plaintiffs, they engaged in unfair claims settlement practices in violation of Mass. G.L. c. 176D and consequently Mass. G.L. c. 93A.

2. The position of Defendant Federal Ins. Co.

Plaintiffs' sole claim against Federal Insurance Company alleges a violation of Mass. Gen. L. c. 93A and 176D. Plaintiffs sent a purported ch. 93A demand letter to Federal in connection with an underlying lawsuit pending against Federal's insured, in which plaintiffs demanded that Federal contribute $1 million towards settlement of the underlying lawsuit. However, Federal's insured, perhaps realizing that there was no coverage for me underlying lawsuit against it under Federal's policy, never submitted notice of the lawsuit to Federal. The purported demand letter from plaintiffs' counsel was the first and only notice Federal ever received of the claim. It is Federal's position that the purported demand letter failed to satisfy the essential requirement of c. 93A that the letter "reasonably describ[e] the unfair or deceptive act or practice relied upon and the injury suffered." At the time Federal received the purported demand letter, in light of the

fact that the letter was the first notice Federal received concerning the underlying lawsuit against its insured, Federal could not possibly have engaged in an unfair or deceptive act or practice with regard to the underlying lawsuit. In addition, Federal cannot be held liable for unfair claim settlement practices because there is no coverage for the underlying lawsuit under the terms of Federal's policy,

### 3. The position of American Alt. Ins.

Defendant American Alternative Insurance Company (AAIC) expects the evidence to show that it was the primary insurer for Seacamp Association for claims arising from camp activities in 1999. Coverage under the AAIC policy was $1,000,000, with excess insurance above that amount provided by other insurers. Concerning John Doe's claims against Seacamp, AAIC expects the evidence to show that at all times it dealt with Mr. Doe and his counsel in good faith in an effort to settle this claim, and that the liability of AAIC's insured was far from clear based upon information provided to AAIC by the plaintiff and based upon Seacamp's own lack of knowledge.

AAIC further expects the evidence to show that counsel retained to represent Seacamp in the underlying suit advised Seacamp and the insurer that liability was not clear, and AAIC relied upon this information from defense counsel.

Finally, AAIC contends that the settlement letter sent by the plaintiff on September 4, 2001 was sent to the wrong insured, and failed to comply with the requirements of M.G.L. c.93A, s. 9 for such a letter. A second letter sent on July 16, 2002 also failed to comply with statutory requirements. Additionally, by the time this letter was sent, AAIC's primary policy of $1,000,000 had been paid out, and the plaintiffs were notified to seek compensation from the excess insurer with whom they eventually settled. Therefore, the plaintiffs' claims against AAIC should be dismissed.

4.    Pleadings

a) Complaint and Responsive Pleadings

The plaintiff has filed a Complaint to which each of the defendants have responded with an Answer, neither defendant has filed any Counterclaims.

b)    Jury demand

The parties have the right to a jury trial under Massachusetts law.   Plaintiff has demanded a jury trial in the Complaint.

B.    **Proposed Discovery Plan**

1.    Commencement of Discovery

The parties have not reached an agreement on a discovery plan and so present two alternative proposals to the Court, as follows:

a.    Defendants' proposal for commencement of discovery

Each of the defendants intend to submit a motion for summary judgment and defendants propose that discovery commence only after adjudication of such summary judgment motions. Defendants propose that such pre-discovery summary judgment motions be filed on or by March 1, 2005 with plaintiffs' opposition due March 29, 2005.

### b. Plaintiffs' proposal for commencement of discovery

Alternatively, plaintiffs propose that discovery commence immediately after the scheduling conference on January 19, 2005, unless the parties agree to submit the case to alternative dispute resolution.

Notwithstanding their differences as to the date for commencement of discovery, the parties are agreed as to the proposed length of the several components of a discovery plan with deadlines dating from the (disputed date for) start of discovery.

### 2. Rule 26 initial disclosures

The parties agree that they shall make initial disclosures pursuant to Rule 26 within 30 days from the commencement of discovery.

### 3. Alternative Dispute Resolution

The parties do not wish to engage in alternative dispute resolution at this time; they will revisit this question later.

### 4. Changes in limitations of Discovery

The parties agree that no changes in limitations of discovery as imposed by the Federal Rules of Civil Procedure or the Local Rules are necessary in this matter.

b) Dispositive motions:

all dispositive motions shall be filed within two months of the close of discovery;

c. Trial date

pre trial conference and trial dates of this matter to be established at a future time by the Court.

**D. Trial by Magistrate**

The parties do <u>not</u> consent to trial by Magistrate. Plaintiff has demanded a <u>jury trial</u> in this matter.

**E. L.R.16 Certification**

The certifications required by L.R.16.1(D)(3) are attached hereto.

Respectfully submitted,

JANE DOE, individually and as parent
    and next best friend of the minor
JOHN DOE,
    Plaintiffs,
By their attorney,

*/s/ James P. Brady*
James P. Brady, Esq.
(BBO# 556984)

149 High Street
Hingham, MA 02043

Federal Insurance Co.
    Defendant

By its attorney,

*/s/ Joseph S. Sano /p.w/*
Joseph S. Sano, Esq.
(BBO #545706)

Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street

(781) 749-3114
(781) 74-2319 FAX

Boston, MA 02109
(617) 456-8000

American Alternative Ins. Co.,
Defendant,

By its attorney,

*John Johnson (JPB)*
John B. Johnson
(BBO #252580)
Corrigan, Johnson & Tutor, P.A.
141 Tremont Street
Boston, MA 02111

(617) 338-0075
(617) 338-4244 (FAX)

dated: January 12, 2005.

Federal Insurance Co.,
Defendant,

By its attorneys,

*Pamela L. Wahl*
Wallace A. Christensen, Esq.
Pamela L. Wahl, Esq.
(BBO # 651453)
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, DC 20006

(202) 662-2000
(202) 662-2190 (FAX)